JAMES J. E. BURKE, Appellant, *v.* OCEAN STEAMSHIP COMPANY OF SAVANNAH, Respondent.

*Carriers — action to recover for non-delivery of shipments of cotton — defense that carrier in accordance with instructions had placed cotton on lighter and transported it to warehouse dock where it was destroyed by fire and that bills of lading relieved defendant from liability for loss by fire.*

*Burke v. Ocean Steamship Co. of Savannah,* 193 App. Div. 944, affirmed.

(Argued March 9, 1922; decided March 24, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 6, 1920, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The action was to recover for the non-delivery of certain shipments of cotton delivered to defendant for transportation from Savannah to Brooklyn. Defenses set up in the answer were that the defendant duly received the cotton in question at Savannah, Georgia, and issued for it three negotiable order bills of lading, and undertook to transport the cotton in accordance with said bills of lading and not otherwise; that said bills of lading show that said cotton was consigned to the shipper's order, destination, Independent Stores, Brooklyn, New York,

notify Hopkins, Dwight & Co., New York; that the defendant duly transported the cotton in question by its steamer *St. Louis* from Savannah to its regular pier in the port of New York located in the borough of Manhattan, New York, and thereupon gave Hopkins, Dwight & Co. notice that the shipment had arrived on said steamship; that Hopkins, Dwight & Co. thereupon directed the defendant to deliver said cotton at Beard's Erie Basin Stores, Brooklyn, instead of at Independent Stores (Bush Terminal), Brooklyn, the destination named in the bills of lading; that thereupon, pursuant to said instructions, the defendant transported the cotton to Beard's stores on a lighter, and that the cotton was damaged and destroyed by fire at Beard's Stores while on said lighter; that defendant's bills of lading relieved the defendant from all liability for a loss by fire, and that Hopkins, Dwight & Co. were duly authorized by Alexander Thesmar & Co. to instruct the defendant to deliver this shipment at Beard's Stores instead of at Independent Stores.

*Wilson E. Tipple* and *Arthur W. Clement* for appellant.
*Wharton Poor* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ.  Dissenting: ANDREWS, J.